(No. 36480.

THE PEOPLE *ex rel.* Holland Coal Company, Appellant, *vs.* THEODORE J. ISAACS, Director of Revenue, Appellee.

*Opinion filed May 10, 1961.—Modified on denial of rehearing September 22, 1961.*

TURNER, HUNT and DeBOLT, and MANLY K. HUNT, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, Assistant Attorney General, of counsel,) for appellee.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, for *amici curiae,* petitioners for rehearing.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Holland Coal Company, an Illinois corporation, brought this action against the Director of the Department of Revenue seeking a declaratory judgment that certain exemption provisions of the Retailers' Occupation Tax Act and the Illinois Use Tax Act are unconstitutional and void and requesting the issuance of a writ of *mandamus* compelling the director to expunge departmental rules and regulations implementing the exemptions. On motion of the Director, the circuit court of Cook County struck the relator's complaint.

The latter elected to abide by its pleading and the court thereupon dismissed the suit with prejudice, on the merits and at relator's cost. The revenue and the constitutionality of statutes are involved.

In 1953 section 2 of the Retailers' Occupation Tax Act was amended to exempt from the measure of the tax "the proceeds of such sales to the State of Illinois, any county, political subdivision or municipality thereof, or to any instrumentality or institution of any of the governmental units aforesaid, and excluding the proceeds of such sales to any corporation, society, association, foundation, or institution organized and operated exclusively for charitable, religious or educational purposes." (Ill. Rev. Stat. 1953, chap. 120, par. 441.) When the Use Tax Act was enacted in 1955, the legislature employed identical language to exempt from such tax the State, its counties, political subdivisions, municipalities, governmental instrumentalities or institutions and charities. (Ill. Rev. Stat. 1955, chap. 120, par. 439.3.) Rules and regulations have been promulgated by the Department of Revenue to implement the exemptions provided by the statutes.

The relator contends that the exemption provision in the Retailers' Occupation Tax Act violates the uniformity provision of section 1 of article IX of the Illinois constitution. It argues that since the tax is imposed upon persons engaged in the business of selling tangible personal property at retail, a lack of uniformity is created within this class because some retailers will be taxed on none or less than all of their sales while others will pay on the full amount of their sales depending on the character of purchaser.

The uniformity provision of section 1 of article IX provides that a tax must be "uniform as to the class upon which it operates." Since the exemption provision does not operate in a vacuum, a determination of whether it creates a lack of uniformity cannot rest merely on an examination of the statute.

In stating the specific class upon which a tax is to be imposed, the legislature may define a general class and specifically remove a subclass (see *Bode* v. *Barrett,* 412 Ill. 204; *Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55,) or it may merely define a subclass without naming the general class. (See *People* v. *Deep Rock Oil Corp.* 343 Ill. 388.) "Persons engaged in the business of selling tangible personal property at retail" is a general class which the exemptive provision has in effect subclassified according to the nature of the purchaser. The legislative intent is clear that the retailers' occupation tax should apply to that specific class of persons engaged in the business of selling tangible personal property at retail to other than the purchasers named in the exemptive provision. This specific class is the same whether it is defined as we have just done or by the use of an exemption as the legislature has done. The basic question is not the manner in which the class to be taxed has been defined, however, but whether there is any reasonable basis for the classification.

The legislature in levying an occupation tax has great latitude in establishing the class to which the tax shall apply. (*Reif* v. *Barrett,* 355 Ill. 104; *Ohio Oil Co.* v. *Wright,* 386 Ill. 206; *McGrath* v. *City of Chicago,* 309 Ill. 515.) The classifications in tax statutes must be based upon real and substantial differences between persons taxed and those not taxed, (*Ohio Oil Co.* v. *Wright,* 386 Ill. 206; *City of Chicago* v. *Ames,* 365 Ill. 529,) and they must bear some reasonable relationship to the object of the legislation, (*Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55,) or to public policy. *Reif* v. *Barrett,* 355 Ill. 104.

We do not agree with relator's assertion that basing the classification on the identity of the purchaser shows that the classification is arbitrary and capricious. It is the common and accepted practice of persons subject to the retailers' occupation tax to quote and collect the tax separately from the selling price. In such circumstances the burden of the

tax is shifted forward to the purchaser. The obvious purpose of the legislature in enacting the exemption was to protect governmental units and charities from the burden of the tax that is shifted to them. Reduced costs of government and reduced costs of charities, which relieve the State of many burdens it would otherwise be obliged to bear, will result when these purchasers can deal with retailers who are not subject to the tax. Although the classification is based in part on the identity of the purchaser, it takes into account the economic effect of the tax. We believe that such classification is not arbitrary or capricious but bears a reasonable relation to public policy.

It is also contended that the 1953 exemption in the Retailers' Occupation Tax Act and the identical and companion exemption granted in the Use Tax Act are unconstitutional because they discriminate against the Federal government. It is well settled that uniformity may be violated by including within a class those not in fact within the class, (*Banghart* v. *Walsh,* 339 Ill. 132; *Wedesweiler* v. *Brundage,* 297 Ill. 228; *Scully* v. *Hallihan,* 365 Ill. 185; *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194,) as well as by excluding from a class those properly belonging to it. *Lippman* v. *People,* 175 Ill. 101; *City of Chicago* v. *Ames,* 365 Ill. 529; *Ohio Oil Co.* v. *Wright,* 386 Ill. 206.

The relator has set out in full in its brief an opinion rendered on February 24, 1961, by a bench of three judges sitting in the United States District Court for the Northern District of Illinois in which it was held that Illinois may not tax retail sellers of tangible personal property with respect to sales to the United States Government or to contractors with the Government so long as Illinois exempts from the measure of that tax similar sales to the State of Illinois, its agencies, instrumentalities, municipalities and charities. (*United States and Olin Mathieson Chemical Corp* v. *Department of Revenue of Illinois,* 191 F. Supp. 723.) The district court found that there was no reasonable basis for

putting those retailers who deal with the Federal government in a class different from those who deal with the State, its agencies, municipalities and charities. Since the exemption places those who deal with the Federal government in a class different from that of those who deal with the governmental units and charities defined in the exemption, the court held the imposition of the tax with respect to sales to or for the use of the Federal government works an unconstitutional discrimination against, and therefore infringes, the sovereignty of the Federal government, so long as similar sales to the State, its counties, municipalities and charities do not measure the tax.

The most recent opinion of the Supreme Court on this subject is *Phillips Chemical Co.* v. *Dumas Independent School Dist.* 361 U.S. 376, 80 S. Ct. 474, 4 L. ed. 2d 384. In that case a tax had been imposed upon the lessees of real estate and was measured by the full value of the property. The lessees of the State or one of its political subdivisions were not taxed however. The court could find no reasonable basis to support the Government's lessees being placed in a class different from that of the lessees of the State and its agencies. In holding that the tax could not be exacted from the Government's lessees, the court stated, "* * * it does not seem too much to require that the State treat those who deal with the Government as well as it treats those with whom it deals itself." 361 U.S. 376, 385.

The clear holding of the *Phillips Chemical Co. case* is that those dealing with the Federal government belong to the same class as those dealing with the State and its political subdivisions. The exemption provisions in question have failed to include those who deal with the Federal government within the class to which they belong. For that reason we hold those portions of the provisions of the Retailers' Occupation Tax Act and the Use Tax Act exempting from the measure of the tax the proceeds of sales at retail to the "State of Illinois, any county, political sub-

division or municipality thereof," to be unconstitutional and void.

This holding brings into issue the validity of the provisions which exempt from the measure of the Retailers' Occupation Tax and the Use Tax the proceeds of sales at retail to "any corporation, society, association, foundation or institution organized and operated exclusively for charitable, religious or educational purposes." Governmental · units and charities are generally exempted from taxation because such exemptions directly or indirectly tend to lower the cost of government. (See *e.g., Milward* v. *Paschen,* 16 Ill.2d 302; *People ex rel. Brenza* v. *Turnverein Lincoln,* 8 Ill.2d 198.) There are, however, real and substantial differences between them, one of which is the power possessed by governmental units to enforce contribution from persons and property to support their purposes, (cf. *Kough* v. *Hoehler,* 413 Ill. 409; see also 31 I.L.P. Revenue § 2,) a power which charities do not possess. We hold that governmental units and those with whom they deal can be placed in a class and be treated different from charities and those with whom they deal.

The three-judge district court in the *Olin Mathieson Chemical Corp. case* stated that the Federal government is further discriminated against by the charitable exemptions in question. (191 F. Supp. 723, 729.) This statement was not necessary to the decision nor was that issue discussed in any detail. A close reading of the *Phillips Chemical Co. case,* upon which the district court relied in issuing its permanent injunction, leads us to the conclusion that it requires no more than that the State treat those who deal with the Federal government as favorably as it treats those with whom it deals itself, (361 U.S. 376, 385, 80 S. Ct. 474, 480, 4 L. ed. 2d 384, 391,) and specifically reserves the question of whether a class in which the State has not been included can be given a more favorable treatment than the Federal government.

As we have mentioned, tax exemptions are often given to charities because the benefits they confer upon the public reduce the burden of government to care for an advance the interests of its citizens. While in the past charitable benevolences operated to a greater extent in reducing the burden of State and local governments, today these benevolences greatly reduce the burden of the Federal government which has and is sharing more and more the responsibilities formerly committed solely to the State and its local governments. The teaching of the *Phillips Chemical Co. case* is not that the State is prohibited from treating a class more favorably than itself, its political subdivisions and the Federal government or those who deal with them, but that there be significant differences between the two classes when the Federal government's interests are weighed in the balance. We are of the opinion that there are significant differences between those who deal with governmental units and those who deal with charities which justify treating the latter more favorably even when the Federal government's interests are weighed in the balance.

The question remaining is one of separability. We have frequently held that if those provisions of a statute which remain after the unconstitutional portion has been stricken are complete in themselves and capable of being executed wholly independently of that which is void, the invalid portion does not render the entire section or act unconstitutional unless it can be said that the legislature would not have passed the statute with the invalid portion eliminated. (*Myers* v. *Krajefska,* 8 Ill.2d 322; *Vissering Mercantile Co.* v. *Annunzio,* 1 Ill.2d 108; *Grasse* v. *Dealer's Transport Co.* 412 Ill. 179.) This is true even if the valid and invalid provisions are contained in the same sentence. *People ex rel. Adamowski* v. *Wilson,* 20 Ill.2d 568; *McDougall* v. *Lueder,* 389 Ill. 141.

The provisions of the Retailers' Occupation Tax Act and the Use Tax Act exempting the proceeds of sales at

retail to governmental units is separate from and independent of the exemption of the proceeds of sales at retail to charities. The passage subsequent to our original opinion herein, of House Bills Nos. 1609 and 1610 amending section 2 of the Retailers' Occupation Tax Act and section 3 of the Use Tax Act, respectively, by removing all governmental units from the exemptive provisions of those sections, shows a definite legislative intent that the provisions relating to charities should remain.

The judgment of the circuit court of Cook County is reversed insofar as it holds the provisions of section 2 of the Retailers' Occupation Tax Act and section 3 of the Use Tax Act excluding from the measure of the taxes the proceeds of sales at retail to the State of Illinois, any county, political subdivision or municipality thereof to be constitutional. Under the circumstances, it can be presumed that respondent will act in conformity with our decision and it will be unnecessary to remand the cause for the issuance of a writ of *mandamus* directing the respondent to expunge the offending portions of the departmental regulations.

*Judgment reversed.*