## McCLOSKEY AND COMPANY v. COMPTROLLER OF TREASURY
### [No. 149, September Term, 1962.]

*Decided March 22, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRES-
COTT, MARBURY and SYBERT, JJ.

*Ambrose T. Hartman,* with whom was *J. Dress Pannell* on
the brief, for appellant.

*Russell R. Reno, Jr., Assistant Attorney General,* with whom
was *Thomas B. Finan, Attorney General, Edward F. Engel-
bert* and *Bernard F. Moan, Chief* and *Assistant General Coun-
sel,* respectively, for Retail Sales Tax Division, on the brief,
for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is from the action of the Superior Court of Balti-

more City dismissing the motion of the appellant, McCloskey and Company, to quash a Sales and Use Tax lien filed against the appellant by the appellee, the Comptroller of the Treasury, Retail Sales Tax Division.

An original assessment of $16,603.24 was made by the appellee against the appellant, as a purchaser, based on a delinquent failure to file a return. The transactions involved were during the assessment period from December 27, 1957, through December 31, 1959, and involved purchases of tangible personal property by appellant for use in the performance of contracts with the United States Government. Following negotiations between appellant and appellee, the assessment was adjusted, and on September 22, 1961, appellant was notified by appellee of adjusted assessment for sales or use taxes, interest and penalty in the total amount of $8,379.10.

Pursuant to Code (1957), Article 81, § 352, appellant requested in writing on October 20, 1961, a revision of the adjusted assessment. Appellee notified appellant by letter on December 11, 1961, that the request for revision was denied. In the same letter, appellant was informed that appellee was filing a lien in the Superior Court of Baltimore City, and that unless appellee received a check within ten days from the date of the letter, further action would be taken for collection without notice to appellant. A copy of the lien was enclosed. By letter dated December 20, 1961, appellant requested a formal hearing before the Comptroller pursuant to Code (1957), Article 81, § 351 (a). In the meantime, on December 12, 1961, appellee filed the notice of lien in compliance with Section 342 (b) of Article 81, as amended by Chapter 91, § 1, of the Acts of 1958, with the clerk of the Superior Court of Baltimore City, in which it was stated that the lien had the full force and effect of a lien of judgment extending to and covering all property and all rights to property, real and personal, of appellant. This latter statement is in accord with that section and Section 393 (b) of the same Article.

On December 22, appellant filed a motion to quash the Sales and Use Tax lien. This motion contained certain allegations claiming the unconstitutionality of the assessment giving rise to the lien, based primarily on the allegation that the taxes were

discriminatory in that sales of tangible personal property to be used by contractors in doing business with the State of Maryland and its political subdivisions are exempt, but that sales of the same nature to those doing business with the United States are not. In the motion, which was amended twice, appellant stated his intention to fully exhaust his administrative remedy provided in Article 81, § 351. The State answered by filing a motion to dismiss appellant's motion to quash the lien, in which it was stated that the tax lien was filed in conformity with the existing law of Maryland and that appellant had not exhausted his administrative remedies. In a memorandum opinion filed May 4, 1962, Judge Foster found that the legality of the assessment and the filing of the notice of tax lien could not be raised by way of a collateral proceeding and that appellant must follow his administrative remedies. From this decision and an order filed June 1, 1962, dismissing appellant's motion to quash the lien, appellant brings this appeal.

Appellant presents four contentions on appeal, which may be summarized as follows: (1) there is an unconstitutional discrimination between purchases to be used in state contracts and those to be used in federal contracts; (2) the Sales and Use Tax Acts do not authorize a lien of judgment where prior to filing of such lien the taxpayer has filed a timely application for revision of assessment, on the basis that the statutes are unconstitutional; (3) since no provision is made in the statute for the payment of interest upon a refund of a tax required to be paid, the statute is unconstitutional as a taking of property without due process of law; and (4) the taxpayer is not precluded from contesting in the lien proceeding the constitutionality of the tax upon which the lien is based.

The problem raised in appellant's first contention, the claimed discriminatory aspect of the taxes here involved, was argued before this Court on the same day that argument was heard in the instant case, in *Comptroller of the Treasury v. Pittsburgh-Des Moines Steel Co.*, 231 Md. 132, 189 A. 2d 107. In our decision in that case, just decided, we held that there was an unconstitutional discrimination between purchases to be used in state contracts and those to be used in federal contracts.

So far as the record and briefs in this case disclose, there is no present controversy with regard to any taxes other than such as necessarily fail as a result of our decision in *Comptroller v. Pittsburgh-Des Moines Steel Co., supra.* There is at most a suggestion in the Comptroller's brief that there is a possibility that some of the taxes for which the lien herein is asserted may not be covered by that decision, which lien would necessarily fail in ultimate result. We think that this is too shadowy a basis upon which to undertake to decide the important constitutional questions with regard to the validity of the lien.

We accordingly deem it appropriate to remand the case pursuant to Rule 871 a without affirmance or reversal, for further consideration and such further proceedings as may be deemed appropriate in the light of our decision in the *Pittsburgh-Des Moines Steel Co.* case.

> *Case remanded without affirmance or reversal of the order, with costs on this appeal to the appellant.*