MASON & HANGER-SILAS MASON CO., INC., appellee, UNITED STATES OF AMERICA, intervenor-appellee, v. IOWA STATE TAX COMMISSION (members), appellants.

No. 51807.

(Reported in 139 N.W.2d 437)

JANUARY 11, 1966.

Lawrence F. Scalise, Attorney General, and Thomas W. Mc-Kay, Special Assistant Attorney General, for appellants.

Cray, Walter & Cray, of Burlington, for appellee.

Philip T. Riley, Acting United States Attorney, Jerry E. Williams, Assistant United States Attorney, John B. Jones, Jr., Acting Assistant Attorney General, and Lee A. Jackson, I. Henry Kutz and Michael K. Cavanaugh, Attorneys, Department of Justice, Washington, D. C., for intervenor-appellee.

GARFIELD, C. J.—This appeal involves the power of the State of Iowa to assess a state sales and use tax under chapters

422 and 423, Code, 1962, against a contractor for the United States of America upon which the tax would ultimately fall. Upon the appeal of the contractor, Mason & Hanger-Silas Mason Co., Inc., to the district court from an order of defendant, Iowa State Tax Commission, confirming an assessment of the taxes, penalty and interest for the period from July 1, 1956, through March 31, 1961, the court held, in adjudicating law points under rule 105, Rules of Civil Procedure, the tax was void as prohibited by the Constitution of the United States. Defendant-commission has appealed to us.

Plaintiff-contractor was employed by the United States of America to operate, manage and maintain the Iowa Ordnance Plant at Burlington, owned by the government, under costs-plus-fixed-fee contracts by which the government is required to reimburse the contractor for any state sales and use tax it might be compelled to pay. Thus the government would ultimately bear the burden of any such taxes. The taxes and penalties assessed were by reason of building materials and supplies plaintiff procured during the period in question in performing its contracts with the government.

The petition filed in plaintiff's appeal alleges that taxation of the acquisition or use of any of the property involved would infringe the immunity of the United States from taxation in violation of the Federal Constitution. Also that such taxation improperly discriminates against the United States and those with whom it deals, in favor of the state and its subdivisions from which no such taxes would be recoverable.

The United States filed its petition of intervention in plaintiff's appeal action in which it adopts the allegations of plaintiff's petition and joins in the prayer thereof.

In February 1964 plaintiff and intervenor amended their petitions by alleging that chapter 264, Laws of the Sixtieth General Assembly in 1963, amended Code section 422.45 to provide that if plaintiff paid any sales or use taxes defendant assessed it would be entitled to an immediate refund thereof.

Defendant's answers to the petitions of plaintiff and intervenor consist of admissions of the allegations as to plaintiff's employment by intervenor under the contracts between them

and as to making and confirming the assessments and of denials of the allegations as to claimed invalidity of the assessments.

After the issues were thus joined plaintiff and intervenor filed their application for separate adjudication of law points under rule 105, Rules of Civil Procedure, asking that the court: 1) Determine intervenor would be entitled to an immediate refund, under Code section 422.45 as amended by chapter 264 of the Laws of the Sixtieth General Assembly, of any sales or use taxes plaintiff might be compelled to pay under the assessment appealed from; 2) Direct defendant to make such refund immediately upon payment thereof by plaintiff; or, in the alternative 3) Annul the assessment on the ground defendant could not benefit from collecting it; and 4) Enter final judgment for plaintiff and intervenor setting aside defendant's order confirming the assessment.

Defendant-commission resisted the application just referred to on the grounds: 1) It confirmed the assessment of taxes in question on June 19, 1962, before chapter 264 of the Laws of the Sixtieth General Assembly took effect; 2) and 3) Fact questions are raised by the pleadings as to whether plaintiff or intervenor is within the class intended to be benefited by Code section 422.45 as amended by chapter 264, 60th G. A.; and 4) The only matter the court could adjudicate is whether plaintiff or intervenor would be entitled to a refund of the tax and penalty if, after hearing on the merits, the assessment appealed from is confirmed.

In connection with its resistance, defendant filed a brief with the trial court which concedes if it is determined that upon payment of the challenged assessment intervenor would be entitled to an immediate refund thereof it would also be entitled to the relief asked in paragraphs 3 and 4 of the application for adjudication, supra. It seems clear no benefit could accrue to defendant from collecting a tax intervenor would be entitled to have immediately refunded.

The important applicable provisions of our sales and use tax law, Code chapters 422 and 423, should now be referred to. Section 423.4, subsection 6, provides the use in Iowa of "Tangible personal property, the gross receipts from the sale of which

are exempted from the retail sales tax by the terms of section 422.45" is specifically exempted from use tax. Thus, as the trial court ruled, it is immaterial for present purposes whether the questioned assessment was for sales or use tax or both.

Section 422.45 is most important. It provides in pertinent part: "There are hereby specifically exempted from * * * [sales] tax * * *:

"1. The gross receipts from sales of tangible personal property which this state is prohibited from taxing under the constitution or laws of the United States * * *. * * *

"6. Any tax certifying or tax levying body of the state of Iowa or governmental subdivision *thereof* may make application to the state tax commission for the refund of any sales or use tax upon the gross receipts of all sales of goods, wares or merchandise to any contractor, used in the fulfillment of any written contract with the state of Iowa or any political subdivision thereof, which property becomes an integral part of the project under contract and at the completion thereof becomes public property, * * *."

It is admitted or not denied that the building materials in question were procured by plaintiff in fulfillment of its written contract with the United States and they become an integral part of the public property known as Iowa Ordnance Plant. However, it will be noticed applications for refund under subsection 6 may be made only by "Any tax certifying or tax levying body of the state of Iowa or governmental subdivision *thereof*", not by the federal government or agencies or instrumentalities thereof.

Subsection 6 goes on to specify the form on which applications for refund are to be made, what they shall contain, their audit by the tax commission and, if approved, its request to the comptroller for issuance of a warrant to the governmental unit for the amount of sales or use tax paid under the contract referred to in the provision above quoted.

Section 2 of chapter 264, Laws of the Sixtieth General Assembly, amends subsection 6, supra, by inserting after "thereof", italicized by us in the above quotations, the following: "including the state board of regents, board of control of state institutions, state highway commission, and all divisions, boards, com-

missions, agencies or instrumentalities of state, federal, county or municipal government which derive disbursable funds from appropriations or allotments of funds raised by the levying and collection of taxes."

Chapter 264 also adds this to section 422.45, subsection 6: "Sec. 3. The refunds provided in the preceding section two (2) shall be retroactive and apply to any applications for refund now on file with the state tax commission, or hereafter filed therewith for projects now in process, upon which sales or use taxes are paid prior to the taking effect of this Act. Any of the above-mentioned governmental bodies or subdivisions thereof shall be entitled to a refund of such taxes so paid upon making applica. tion to the state tax commission therefor."

The trial court ruled that a construction of chapter 264, Laws of the Sixtieth General Assembly, is not essential to determination of the validity of the assessment appealed from; even without this amendment intervenor would be entitled to an immediate refund of any sales or use tax paid; in view of the concession in defendant's trial brief previously referred to, no purpose would be served by paying the tax and its assessment should be and is annulled.

This ruling is placed on the following grounds: Subsection 1 of section 422.45 specifically exempts from the tax receipts from sales the state is prohibited from taxing under the Federal Constitution. Subsection 6 of section 422.45, standing alone, would exempt these sales if made to any tax certifying or levy- ing body of the state or governmental subdivision thereof, while denying similar exemptions to the federal government and those like plaintiff with whom it contracts; in so doing it unjustly discriminates against intervenor and is therefore unconstitutional and void.

We approve this adjudication which is amply supported by applicable precedent. We later consider the propositions defendant raises that merit consideration.

In Phillips Chemical Co. v. Dumas Independent School District, 361 U. S. 376, 80 S. Ct. 474, 4 L. Ed.2d 384, the state of Texas had taxed lessees of tax-exempt real estate owned by the federal government measured by the full value of the property.

However, Texas law placed a distinctly lesser burden upon similarly situated lessees of tax-exempt property owned by the state or its political subdivisions. The supreme court held the tax unconstitutionally discriminated against the United States and those with whom it deals. These are excerpts from the opinion: "* * * a State may not single out those who deal with the Government, in one capacity or another, for a tax burden not imposed on others similarly situated. * * *

"The imposition of a heavier tax burden on lessees of federal property than is imposed on lessees of other exempt public property must be justified by significant differences between the two classes. * * *" (page 383 of 361 U. S., page 389 of 4 L. Ed. 2d).

"Accordingly, it does not seem too much to require that the State treat those who deal with the Government as well as it treats those with whom it deals itself. * * *" (page 385 of 361 U. S., pages 390, 391 of 4 L. Ed.2d).

"As we had occasion to state, quite recently, it still remains true, as it has from the time of M'Culloch v. Maryland, 4 Wheat. 316 [4 L. Ed.2d 579], that a state tax may not discriminate against the Government or those with whom it deals" (page 387 of 361 U. S., page 392 of 4 L. Ed.2d). See also annotation, 4 L. Ed.2d 1890, 1891.

People ex rel. Holland Coal Co. v. Isaacs, 22 Ill.2d 477, 482, 176 N.E.2d 889, 892, points out: "The clear holding of the Phillips Chemical Co. case is that those dealing with the Federal government belong to the same class as those dealing with the State and its political subdivisions."

Under facts indistinguishable from those in Phillips Chemical Co. on the point here considered, Moses Lake Homes v. Grant County, 365 U. S. 744, 751, 752, 81 S. Ct. 870, 874, 6 L. Ed.2d 66, 70, 71, reaches the same result under tax statutes of the state of Washington. This is from the opinion:

"If anything is settled in the law, it is that a State may not discriminate against the Federal Government or its lessees" [citing Phillips Chemical Co. and other precedents]. * * *

"We held in the Dumas [Phillips Chemical] case [U. S.],

supra, that a discriminatory tax is void and 'may not be exacted.' 361 U. S., at 387."

The Phillips and Moses Lake cases deal with property taxes but the principles there enunciated are equally applicable to state sales and use taxes with which we are here concerned. People ex rel. Holland Coal Co. v. Isaacs, supra, 22 Ill.2d 477, 176 N.E.2d 889; Comptroller of Treasury v. Pittsburgh-Des Moines Steel Co., 231 Md. 132, 189 A.2d 107, certiorari denied 375 U. S. 821, 84 S. Ct. 58, 11 L. Ed.2d 55; McCloskey & Co. v. Comptroller of Treasury, 231 Md. 164, 189 A.2d 115, 117; Knapp-Stiles, Inc. v. Michigan Department of Revenue, 370 Mich. 629, 122 N.W.2d 642, 646, 647; United States v. Department of Revenue of State of Illinois, N. D. Ill. (three judges), 191 F. Supp. 723; same title, 202 F. Supp. 757, affirmed per curiam 371 U. S. 21, 83 S. Ct. 117, 9 L. Ed.2d 95; United States of America v. Clayton, E. D. N. Car. (three judges), 250 F. Supp. 827.

The cited decisions, under comparable facts and statutory provisions, are controlling. When, as section 422.45, subsection 6, does here, our state legislature provided for immediate refund of such taxes as were assessed if these building materials were purchased by any contractor with the state or political subdivision thereof, this assessment, without a right of refund, arbitrarily discriminated against the United States and those who contracted with it under identical circumstances, in violation of the equal protection clause (section 1) of Amendment 14 to the Federal Constitution. In this respect, as the trial court held, subsection 6 of section 422.45, standing alone, violates the Federal Constitution.

However, when subsection 1 of 422.45, supra, is given effect along with subsection 6, the exemption in subsection 1 from taxes on sales "which this state is prohibited from taxing under the constitution * * * of the United States" constitutes an express exemption from the taxes assessed here. In this way effect is given both subsections 1 and 6 and sales to contractors with the federal government, as well as to those with the state, are made exempt from tax.

Comptroller of Treasury v. Pittsburgh-Des Moines Steel Co.,

supra, 231 Md. 132, 144, 189 A.2d 107, 113, especially, supports the view just expressed. As there explained, by such a provision as subsection 1 of section 422.45 "the Legislature has incorporated into the statute itself a federal constitutional standard. That standard requires * * * that there be no invidious discrimination between the treatment afforded federal and state contractors. Consequently, when the Legislature carried out its intention to exempt state contractors (section 326a), sales to federal contractors were no longer 'within the taxing power of this State under the Constitution of the United States'."

The Maryland opinion goes on to point out that if the state desires to tax federal contractors it may do so in the same manner the Illinois legislature did after its exemption in favor of state contractors, while taxing those with the federal government under the same circumstances, was declared invalid "i.e., change the law so as to tax state contractors also." See United States v. Department of Revenue of State of Illinois (three judges), supra, 202 F. Supp. 757, affirmed per curiam 371 U. S. 21, 83 S. Ct. 117, 9 L. Ed.2d 95. See also annotation, 4 L. Ed.2d 1890.

We need not and do not hold that the state may not subject a contractor with the federal government to a sales or use tax provided it is uniformly applied to all in similar circumstances and does not unreasonably discriminate against those who deal with the government, in favor of those who deal with the state and its political subdivisions.

We realize the legislature has wide discretion in determining classifications to which its acts apply. See Dickinson v. Porter, 240 Iowa 393, 401, 35 N.W.2d 66, 72, appeal dismissed 338 U. S. 843, 70 S. Ct. 88, 94 L. Ed. 515; Diamond Auto Sales, Inc. v. Erbe, 251 Iowa 1330, 1339, 105 N.W.2d 650, 654. Nevertheless, there must be some reasonable basis for taxing contractors with the federal government while, in effect (as subsection 6 of section 422.45, standing alone does, by providing for an immediate refund), exempting contractors with the state and its political subdivisions. No precedent has come to our attention which holds a contractor with the federal government falls within a different class from one with the state or its political subdivisions. The applicable decisions are to the contrary.

The propositions defendant relies upon do not entitle it to a reversal. Defendant complains that the trial court did not determine, as plaintiff and intervenor requested, the latter would be entitled to an immediate refund, under section 422.45, *as amended by chapter 264, Sixtieth General Assembly, supra,* of any assessed taxes the former would be compelled to pay. Defendant thinks the trial court was bound to determine this question. We note this position is inconsistent with the position defendant took in the trial court in resisting any determination of the questions on which an adjudication was asked.

Further, we do not think the court was compelled, under the circumstances here, to adjudicate the first specific question asked in plaintiff's and intervenor's application, supra. Defendant contended in the trial court and still does that chapter 264 does not entitle appellees to relief because 1) the assessment was confirmed before the Act took effect and it should not be given what is said to be a retroactive effect, and 2) plaintiff and intervenor do not qualify under section 3 of chapter 264, supra. Defendant does not contend it is in any better position because of chapter 264 than it is without it. There is no room for such a contention. If this chapter helps either side, it helps plaintiff and intervenor.

Appellees argued in the trial court and do here that chapter 264 either cures the discrimination against the federal government and its contractors in subsection 6 of section 422.45, standing alone, or makes no change in section 422.45.

The court held, as previously explained, that even without chapter 264 intervenor would be entitled to a refund of the taxes if paid by plaintiff and, under the concession in defendant's trial brief before referred to, the assessment should be annulled. Nothing in chapter 264, if applicable, would support a contrary holding. It is thus apparent defendant was not prejudiced from failure to adjudicate the first specific question on which appellees asked an adjudication.

The application for adjudication of law points, as stated, goes on to request 2) a direction for refund of the tax if paid by plaintiff or 3) annulment of the assessment and 4) entry of final

judgment setting aside defendant's order. The adjudication was thus within the terms of the application.

The pertinent part of rule 105, Rules of Civil Procedure, provides: "The court may in its discretion, and must on application of either party, * * * separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case. * * * If such ruling does not dispose of the whole case, it shall be deemed interlocutory for purposes of appeal."

The principal point the trial court determined was clearly raised by the petitions of plaintiff and intervenor. The court had discretion under the rule to decide it. As the rule contemplates it may, the ruling disposed of the whole case. It was therefore unnecessary to go further and determine the first specific point raised in the application for adjudication of law points.

Further, in a sense the trial court did determine the first specific question referred to although perhaps not in the precise way either side contended for. While declining, as unnecessary, to construe chapter 264 in its entirety the court ruled section 422.45, as amended by chapter 264, would entitle intervenor to a refund of any tax plaintiff paid—which answers the question asked—because the amending Act does not disturb subsection 1 of section 422.45, supra, which protects appellees.

We are not impressed by appellant's argument the trial court's ruling deprived it of "its day in court" on the theory it had no reason to anticipate the ruling and present its views on the questions decided. The case was of long standing. Plaintiff's and intervenor's petitions were filed in October 1962. As stated, they amended their petition in February 1964 to allege section 422.45 as amended by chapter 264 would entitle intervenor to a refund of any tax plaintiff paid. The application for adjudication of law points was filed in August 1964. The ruling was not made until January 6, 1965. Defendant had ample time to prepare its defense to appellees' claims.

In any event, this appeal was not submitted until December 1965 and defendant certainly had ample opportunity to present its views to us on the questions decided. Yet it filed no reply brief, and made no reply oral argument, to those of appellees.

The short answer to defendant's proposition the court should have heard evidence as to the contractual relationship between plaintiff and intervenor is that the facts on which the court's ruling is based were expressly admitted or not denied. There was no necessity to hear evidence in support of such facts.

Defendant's final proposition is that the immunity of the United States from state taxation does not extend to private persons with whom it deals even though the activities of such persons promote some governmental activity. To support this proposition we are cited to State of Alabama v. King & Boozer, 314 U. S. 1, 62 S. Ct. 43, 86 L. Ed. 3, 140 A. L. R. 615; United States v. City of Detroit, 355 U. S. 466, 78 S. Ct. 474, 2 L. Ed.2d 424; United States v. Township of Muskegon, 355 U. S. 484, 78 S. Ct. 483, 2 L. Ed.2d 436; United States v. Boyd, 378 U. S. 39, 84 S. Ct. 1518, 12 L. Ed.2d 713, and some other similar precedents.

We find nothing in these cases contrary to our holding here. For the most part they involve no arbitrary discrimination against the United States or those with whom it deals such as we have here. The state of Texas relied upon the City of Detroit and Township of Muskegon cases, supra, in Phillips Chemical Co. v. Dumas Independent School District, supra, 361 U. S. 376, 386, 80 S. Ct. 474, 481; 4 L. Ed.2d 384, 391. The Phillips opinion points out they shed "no light on the classification problem here" and that the government and its lessees did not claim discrimination of the character involved in the case from Texas.

We have already observed we need not and do not hold the state may not subject a contractor with the United States to a sales or use tax provided it is nondiscriminatory. Nor do we decide whether assessment of the taxes in question was prohibited by the supremacy clause (Article VI) of the Federal Constitution.

The judgment appealed from is—Affirmed.

All JUSTICES concur.