(Nos. 42811, 42813 cons.—

COLLINSON STONE CO. *et al.,* Appellees, *vs.* DEPARTMENT OF REVENUE, Appellant.

*Opinion filed May 21, 1971.*

WILLIAM J. SCOTT, Attorney General, of Chicago, (FRANCIS T. CROWE, DAVID E. BRADSHAW and DONALD J. VEVERKA, Assistant Attorneys General, of counsel,) for appellant.

KENNETH M. COLLINSON, of Rock Island, for appellees.

Mr. JUSTICE DAVIS delivered the opinion of the court:

After an administrative hearing, the Department of Revenue entered final assessments of sales tax, pursuant to the provisions of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1961, ch. 120, pars. 440-453), against the three corporate plaintiffs who had entered into contracts with certain local governmental bodies to provide gravel and crushed rock. The plaintiffs challenged the Department's assessment by suits for administrative review and the circuit court of Rock Island County found for the plaintiffs. The Department of Revenue has appealed from those judgments and the cases are consolidated for the purposes of this ap-

peal. The revenue is involved. Supreme Court Rule 302(a)(1), Ill. Rev. Stat. 1969, ch. 110A, par. 302(a)(1).

Prior to August 1, 1961, the plaintiffs entered into the contracts in question with various local governmental agencies providing for the sale of a specified number of tons of gravel or crushed stone for a specified price. The tonnage could approximate the amounts which were specified, and could be increased or decreased by as much as 25%. The contracts provided for inspection of the material before shipping, and the plaintiffs were required to "furnish, haul and spread from tailgate" or "through spreader box" the purchased material.

Under the terms of the contracts, there was no obligation upon the part of the governmental agencies to accept delivery until they decided that the materials were needed; and that the production of the materials might take a substantial part of the year. Although the plaintiffs had materials stockpiled prior to August 1, 1961, it appears from the testimony taken at the Department of Revenue administrative hearing that no individual stockpiles were allocated to the transactions involved. In addition to an inspection of the stockpiles, the contract called for inspection at the time of delivery. Delivery to certain sites was specified as part of the contract price.

The General Assembly in 1953 amended paragraph 441 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1953, ch. 120, pars. 440-453 incl.) to exempt from the measure of the gross receipts "sales to the State of Illinois, any county, political subdivision or municipality thereof * * *." Since no comparable exemption was provided for sales to the Federal Government, this court, in an opinion filed May 10, 1961, (*People ex rel. Holland Coal Co.* v. *Isaacs*, 22 Ill. 2d 477, 483), held the exemption unconstitutional and void. Thereafter, by further amendment, the General Assembly eliminated the invalid exemption effective August 1, 1961.

In the instant case it is apparent from the record that certain deliveries of materials were made by the plaintiffs prior to August 1, 1961, and other deliveries were made thereafter. The Department of Revenue here assessed the tax on the transactions measured by receipts reflecting payment to the plaintiff companies for deliveries after August 1, 1961.

The issue here is the same as that passed upon in *Western Illinois Stone Co.* v. *Department of Revenue,* 35 Ill.2d 275, wherein, at page 279, we stated, "We are persuaded that title to the materials did not pass until they were delivered."

The plaintiffs here argue that the title, property and the goods passed prior to the effective date of the amendment, thereby eliminating the exemption, because the stockpiling of the materials was an ascertainment of the goods at the time of stockpiling. Therefore, they contend that the parties intended that title pass prior to delivery. Since it appears that the materials were not individually stockpiled and allocated to the contracts in question, this contention is not well taken. Further, the requirements of the contracts here are indistinguishable from those of the contract ruled upon in *Western Illinois Stone Co.*

The *Western Illinois Stone Co.* contract required the seller to furnish, haul, and spread the gravel and crushed rock from the tailgates of trucks at locations to be specified. The Uniform Sales Act provides that unless a contrary intention is shown, certain rules shall be used to ascertain the intention of the parties as to when the property in goods is to pass to the buyer, among which is the rule, "If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon." (Ill. Rev. Stat. 1961, ch. 121½, par. 19, Rule 5.) The Uniform Com-

mercial Code had, as of the date in question, not yet supplanted the foregoing provision of the Uniform Sales Act relative to the transactions at issue herein, and the Uniform Sales Act was, therefore, controlling on the issue of passage of title to the materials. *Western Illinois Stone Co.* v. *Department of Revenue*, 35 Ill.2d 275, 280.

Since the issues in the instant cases are identical to those passed upon by this court in *Western Illinois Stone Co.*, and the judgments of the trial court in these cases are directly contrary thereto, the judgments must be reversed.

The judgments of the circuit court of Rock Island County are reversed and the cause is remanded for the entry of judgments not inconsistent with this opinion.

*Reversed and remanded, with directions.*