**BROWN ENTERPRISES, INC., and Troy Curtis Hames, Jr., d/b/a Homestead Mobile Home Sales, Appellees,**

v.

**Jack FULTON, Commissioner of Public Safety For the State of Iowa and Iowa Department of Public Safety, Appellants.**

No. 54642.

Supreme Court of Iowa.

Dec. 15, 1971.

Review Denied Jan. 22, 1972.

Richard C. Turner, Atty. Gen., John E. Beamer, Asst. Atty. Gen., for appellants.

James Jackson, Des Moines, and Lew Eells, Cedar Rapids, for appellees.

REES, Justice.

This is an action for declaratory judgment; plaintiffs filed their petition in Polk County District Court seeking temporary injunction to enjoin the State of Iowa from enforcing the provisions of chapter 322.3 (9), The Code 1966, and for a declaration of rights. Said section prohibits the sale of motor vehicles on the first day of the week, commonly known as Sunday. Following hearing, a temporary injunction was issued. Thereafter defendants answered. Trial court held adverse to defendants and decreed that that part of section 322.3(9), which prohibits sale of mobile homes on Sunday is unconstitutional, but that the remainder of said section is constitutional. We reverse the trial court.

In their prayer for relief, plaintiffs asked the trial court to determine and adjudge that prohibition of sales of motor vehicles on Sunday does not apply to the sale of mobile homes, and for the entry of such other declaratory decree as would settle and adjudicate the rights of the parties.

Plaintiff, Brown Enterprises, Inc., is a Missouri corporation licensed to do business in Iowa. Troy Curtis Hames, Jr., operating under the tradename and style of Homestead Mobile Home Sales, is the franchisee of plaintiff Brown Enterprises, Inc., in Linn County; and defendant Jack

Fulton was, at the time of the institution of the suit and the entry of the decree, the commissioner of public safety for the State of Iowa, and was charged with the duty of administering and enforcing the provisions of chapters 321 and 322, The Code 1966.

Prior to the institution of the suit, the Linn County Attorney had requested an opinion from the Attorney General as to whether the sale of mobile homes was prohibited by the provisions of sec. 322.3 (9), The Code 1966. On December 23, 1969 an opinion was rendered by the office of Attorney General to the effect that mobile homes did not come within the scope of the prohibition of the section, and therefore could be sold on Sundays. Subsequently, on January 22, 1970 the opinion referred to was withdrawn and a new opinion rendered by the Attorney General to the effect that mobile homes were included within the prohibition of sec. 322.3 (9), The Code and could not be sold on Sundays. Suit was then instituted by plaintiffs, and pursuant to hearing the court ordered the issuance of a temporary injunction restraining defendants from enforcing the provisions of the statute insofar as the sale of mobile homes on Sundays was concerned. The issues were then made up and trial was had, culminating in the decree above referred to in which the trial court held mobile homes fell within the class of housing and that their inclusion in the prohibition as to Sunday sales worked an unconstitutional discrimination in violation of Article 1, § 6 of the Iowa Constitution. The trial court found, however, that mobile homes were embraced within the intendment and purview of sec. 322.3(9) of The Code, and but for the unconstitutional discrimination, sales of the same on Sundays were prohibited by statute.

The sole question before us urged by defendants is that the lower court erred in ruling that the part of sec. 322.3(9), The Code 1966, prohibiting sales of mobile homes on Sundays is in violation of Article 1, § 6 of the Iowa Constitution.

I. Article 1, § 6 of the Constitution of Iowa provides:

"All laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens."

■ We must determine squarely whether a mobile home is properly included within the definition of motor vehicles. Sec. 321.123, The Code 1966, requires that a mobile home, regardless whether it is used upon the public highway, must be registered. Section 321.1(2) provides:

" 'Motor vehicle' means every vehicle which is self-propelled but not including vehicles known as trackless trolleys which are propelled by electric power obtained from overhead trolley wires, but not operated upon rails. The terms 'car', 'new car', 'used car' or 'automobile' shall be synonymous with the term 'motor vehicle' ".

Section 321.1(1), The Code 1966 provides that the term "vehicle" means:

"every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks."

Section 321.1(69), The Code 1966 defines mobile homes as:

" 'Mobile home' means any vehicle without motive power used or so manufactured or constructed as to permit its being used as a conveyance upon the public streets and highways and so designed, constructed, or reconstructed as will permit the vehicle to be used as a place for human habitation by one or more persons."

We are concerned here strictly with mobile homes and travel trailers of the type defined in sec. 321.1(68), The Code, and we do not consider herein that type of vehicle commonly called "recreational vehicles" which have their own source of motive power.

Section 322.2(7) defines "motor vehicle" for the purpose of chapter 322 as, " * * * any vehicle subject to registration under the laws of this state." The context of sec. 322.3(9), The Code, with which we are principally concerned here, provides:

"No person licensed under this chapter shall, either directly or through an agent, salesman or employee, engage in this state, or represent or advertise that he is engaged or intends to engage in this state, in the business of buying or selling at retail new or used motor vehicles on the first day of the week, commonly known and designated as Sunday." (italics added).

The licensing of any person intending to engage in this state in the business of selling motor vehicles at retail or representing or advertising that he intends to enter such business, is required by sec. 322.4, The Code 1966.

For the purpose of Chapter 321, clearly a mobile home as defined in § 321.1(68) is not a motor vehicle since it lacks the capacity for self-propulsion. However, for the purposes of chapter 322, a mobile home is a motor vehicle because it is required to be registered by §§ 321.123 and 322.2(7) of The Code, the requirement for registration being the only provision of our statute which brings mobile homes within the generic definition of motor vehicles.

In State v. Lindsey (Iowa 1969), 165 N.W.2d 807, this court held the sale of a motor vehicle (the motor vehicle involved was a mobile home) on Sunday constituted "doing business" within the proscription of § 322.3(9), The Code. In Lindsey, however, the court was not called upon to consider whether a mobile home was a motor

vehicle, but assumed it had that status. Therefore, while said case has some value to us inferentially, the very question involved here did not concern the court in Lindsey.

The Legislature is given wide discretion in defining the limits of classes when a statute involves classification of persons or things. Wessling v. Bennett (D.C.Iowa 1968), 290 F.Supp. 511, aff'd. 8 Cir., 410 F.2d 205, cert. den. 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248; Graham v. Worthington, 259 Iowa 845, 863, 146 N.W. 2d 626, 638 (1966); Mason and Hanger— Silas Mason Co. v. Iowa State Tax Commission, 258 Iowa 531, 539, 139 N.W.2d 437, 442 (1966); Dickinson v. Porter, 240 Iowa 393, 401, 35 N.W.2d 66, 72 (1948). See also 16 Am.Jur.2d, Constitutional Law, § 495, pp. 862–863. Ordinarily statutes, with notable exceptions, regularly enacted by legislatures will be accorded a strong presumption of constitutionality. Davis v. Synhorst, 217 F.Supp. 492 (D.C.Iowa 1963), aff'd.; Hill v. Davis, 378 U.S. 565, 84 S.Ct. 1918, 12 L.Ed.2d 1037, supplemented by 231 F.Supp. 540; Stanley v. Southwestern Community College Merged Area (Merged Area XIV) in counties of Adair, et al. (Iowa 1971), 184 N.W.2d 29, 32; State v. McNeal (Iowa 1969), 167 N.W.2d 674, 677.

The burden is upon a party asserting the unconstitutionality of a statute to negative every reasonable grounds upon which the statute might be upheld and to show that a classification is hostile and oppressive. Farrell v. State Board of Regents (Iowa 1970), 179 N.W.2d 533, 537; Borden v. Selden, 259 Iowa 808, 812–813, 146 N.W.2d 306, 311 (1966).

Where the constitutionality of a statute is merely doubtful or fairly debatable, the courts will not interfere. Graham v. Worthington, *supra*, 259 Iowa at 851, 146 N.W.2d at 631. If a classification is reasonable and operates equally upon all within the class, it is a valid classification. Diamond Auto Sales, Inc. v. Erbe, 251 Iowa 1330, 1340, 105 N.W.2d 650, 655 (1960); State ex rel. Cairy v. Iowa Cooperative Ass'n., 250 Iowa 839, 844, 95 N.W.2d 441, 443 (1959); Steinberg-Baum & Co. v. Countryman, 247 Iowa 923, 935, 77 N.W. 2d 15, 22 (1956).

There is little question but that mobile homes are used primarily as housing. However, mobile homes are so constructed that they are movable upon the highways of this state, albeit they lack the power of self-propulsion. In Diamond Auto Sales, Inc. v. Erbe, *supra*, 251 Iowa at 1336–1337, 105 N.W.2d at 652, this court noted that the lack of mechanics on duty on Sunday, the lack of law enforcement officials for checking dealer lots, and the difficulty in obtaining necessary liability insurance on Sunday as valid reasons for prohibiting the Sunday sales of motor vehicles. We are cognizant of the fact that the financial responsibility statute, Chapter 321A, is not applicable to mobile homes as motor vehicles, but the other reasons for the prohibition of Sunday sales of automobiles noted in Diamond Auto Sales apply with equal validity to mobile homes.

The appellees assert because conventional dwellings and apartment buildings are sold and rented on Sundays, that mobile home dealers are unfairly discriminated against when sales of mobile homes are so prohibited. The appellees strenuously contend mobile home dealers and salesmen are in direct competition with real estate brokers and agents, and that the restrictions placed upon sales of mobile homes by the statute with which we are concerned, gives to other segments of the housing industry and market an advantage over mobile home dealers. Certainly we cannot conclude the statute proscribing Sunday sales, applying as it does to all vendors of a particular product, does not operate equally upon all within the same class, or that there appears to be any lack of uniformity in the consti-

tutional sense. Regularly enacted laws are presumed to be constitutional, and this presumption must be overcome by one attacking the statute by proving its invalidity beyond reasonable doubt. If any reasonable state of facts can be conceived which will support the validity of the law it was trial court's duty, as it is ours, to sustain it, and it was plaintiffs' obligation to negative every conceivable basis for upholding it. Diamond Auto Sales, Inc. v. Erbe, *supra*. In our judgment, plaintiffs failed to do so.

We can of course sympathize with the position of the plaintiffs in this connection, but are not able to question the wisdom or the policy of the legislature in enacting its laws. Strong v. Town of Lansing (Iowa 1970), 179 N.W.2d 365, 367; Iowa Natural Resources Council v. Van Zee, 261 Iowa 1287, 1293, 158 N.W.2d 111, 115.

Nor can we conclude a statute with a reasonable basis is unconstitutional because of its harshness. Diamond Auto Sales, Inc. v. Erbe, *supra*, 251 Iowa at 1335–1336, 105 N.W.2d at 652; Steinberg-Baum & Co. v. Countryman, *supra*, 247 Iowa at 932, 77 N.W.2d at 20. If the statute as enacted by the legislature constitutes a hardship on the mobile home industry, it should look to the legislature for relief. Snook v. Herrmann (Iowa 1968), 161 N.W.2d 185, 190.

II. We conclude section 322.3(9), The Code 1966 does not set up an arbitrary classification, that it rests upon reasonable grounds and sound public policy, and is reasonably related to the goals which it seeks to achieve. Irrespective of the fact that it may work a hardship on dealers in mobile homes by prohibiting sales on Sundays, the statute appears to us to be constitutional. The judgment and decree of the trial court, therefore, is reversed.

Reversed.

All Justices concur.