**HAMES MOBILE HOMES, INC.,**
**Plaintiff,**

v.

**Michael M. SELLERS, Commissioner of Public Safety for the State of Iowa, and the Iowa Department of Public Safety, Defendants.**

**No. 72–C–8–CR.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

June 12, 1972.

Lew Eells, Cedar Rapids, Iowa, for plaintiff.

Richard C. Turner, Atty. Gen., John E. Beamer, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Before STEPHENSON, Circuit Judge, McMANUS, Chief District Judge, and STUART, District Judge.

McMANUS, Chief District Judge.

Plaintiff Hames Mobile Homes, Inc. in Count I of its complaint seeks an injunction restraining the enforcement of section 322.3(9) [1] of the 1971 Code of Iowa

---

1. Section 322.3(9) of the 1971 Code of Iowa provides as follows:

"No person licensed under this chapter shall, either directly or through an

and a declaratory decree adjudging said statute to be violative of the United States Constitution to the extent that it prohibits the sale of mobile homes on Sunday. The basis of plaintiff's constitutional challenge is that the prohibition of Sunday sales of mobile homes violates rights guaranteed plaintiff by the fourteenth and fifth amendments to the United States Constitution.

In Count II plaintiff seeks in the alternative but on the same grounds injunctive relief and a declaratory decree of the statute's unconstitutionality to the extent that it prohibits the Sunday sale of mobile homes wider than eight feet or longer than forty-eight feet.[2]

A three-judge court was convened and the parties agreed to submit the action for the court's consideration upon the record and stipulations as stated in the Order on Pre-Trial Conference filed March 22, 1972.

### FINDINGS OF FACT

1. Plaintiff, Hames Mobile Homes, Inc., an Iowa corporation having its principal place of business in Marion, Linn County, Iowa, is engaged in the business of selling mobile homes to the public at retail and filed its complaint in this action with the court on February 25, 1972.

2. Defendant Michael M. Sellers is Commissioner of Public Safety for the State of Iowa and in that capacity is the executive officer of defendant Iowa Department of Public Safety and is charged with the duty and vested with the power of administering and enforc-ing the provisions of Chapters 321 and 322 of the 1971 Code of Iowa.

3. Plaintiff, as a mobile home dealer, is licensed pursuant to Chapter 322 of the 1971 Code of Iowa by the defendant Iowa Department of Public Safety.

4. Mobile homes, as sold by plaintiff, are used for the habitation of people and are not self-propelled.[3]

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and subject matter. 28 U.S.C. § 1343, 2281.

2. A mobile home is a "motor vehicle" for purposes of section 322.3(9) of the 1971 Code of Iowa. Brown Enterprises, Inc. v. Fulton, 192 N.W.2d 773 (Iowa 1971); State v. Lindsey, 165 N.W. 2d 807 (Iowa 1969).

3. If a state legislative enactment classifies commercial enterprises for purposes of regulation and that classification as here is neither premised upon suspect criteria nor infringes upon a "fundamental right" a presumption of constitutionality attaches and the statute will be set aside as violative of due process or equal protection only if it is arbitrary and without foundation in public policy, its means are unrelated to its objectives, or the distinction drawn therein is invidious and lacks a rational basis incapable of justification under any conceivable set of facts. Schlib v. Kuebel, 404 U.S. 357, 364–365, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971); Dandridge v. Williams, 397 U.S. 471, 483–487, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Mc-

---

agent, salesman or employee, engage in this state, or represent or advertise that he is engaged or intends to engage in this state, in the business of buying or selling at retail new or used motor vehicles on the first day of the week commonly known and designated as Sunday."

2. Section 321E.11 of the 1971 Code of Iowa prohibits the movement of mobile homes having dimensions exceeding eight feet in width and forty-eight feet in length on Sunday. Plaintiff argues that this prohibition against movement of these over-dimension mobile homes on Sunday eliminates any rationale regarding these larger models which may exist for prohibiting the sale of the smaller models on Sunday.

3. Section 321.1(68) of the 1971 Code of Iowa provides in part as follows:
" 'Mobile home' means any vehicle without motive power used or so manufactured or constructed as to permit its being used as a conveyance upon the public streets and highways and so designed, constructed, or reconstructed as will permit the vehicle to be used as a place for human habitation by one or more persons."

14

Gowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 488–490, 75 S.Ct. 461, 99 L.Ed. 563 (1955); Nebbia v. New York, 291 U.S. 502, 525, 54 S.Ct. 505, 78 L.Ed. 940 (1934).

■ 4. Section 322.3(9) of the 1971 Code of Iowa does not violate[4] the due process[5] or equal protection[6] clauses of the fourteenth amendment to the United States Constitution.

4. Plaintiff also asserts violation of the fifth amendment due process clause. Although the obligation to afford due process rests equally upon both federal and state governments, the duty of the latter arises from the fourteenth amendment while the fifth amendment is the source of the due process limitation for the federal government. The court cannot perceive any involvement with the subject matter of this suit by the federal government and thus will discuss due process only as it emanates from the fourteenth amendment and applies to state government.

5. Public safety and welfare appear to be the policies furthered by the enactment of section 322.3(9) of the 1971 Code of Iowa.

The statute is a reasonable means toward furthering those policies in that eliminating sales of motor vehicles including mobile homes eliminates the hazards to the public which arise due to the lack of mechanics on duty on Sunday, the lack of law enforcement officials for checking dealer lots, the difficulty in obtaining necessary liability insurance, and the difficulty in checking titles and liens on Sunday.

Not all of the above mentioned policy reasons are vitiated by the fact that some mobile homes are statutorily immovable on Sunday and therefore the statute is constitutional as to all mobile homes movable and immovable on Sunday.

6. The statutory classification is not invidious and the reasons set forth above are sufficient to justify a rational basis therefor.

The mere fact that a statutory classification works a hardship on a segment of the commercial world is not reason to strike it down on constitutional grounds. *See* Williamson v. Lee Optical etc., *supra*, 348 U.S. at 488, 75 S.Ct. 461. Relief should be sought in the legislature, not in the court. *Id.*