(No. 45269.—

AARON M. JACOBS *et al.,* Appellants, v. THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed January 26, 1973.*

EUGENE LIEBERMANN, of Chicago, for appellants Jacobs and McIntyre.

BURTON I. WEINSTEIN, PAUL M. LURIE and ROBERT A. HOLSTEIN, of Chicago, for appellants Weinstein and Lazare.

ROBERT S. CUSHMAN and THOMAS E. BRANNIGAN, of Chicago (PRICE, CUSHMAN, KECK & MAHIN, of counsel), for appellant Sherman Williams.

RICHARD L. CURRY, Corporation Counsel, of Chicago (WILLIAM R. QUINLAN, GAYLE F. HAGLUND and FRANK G. SULEWSKI, Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal concerns the constitutionality of the Chicago Parking Tax Ordinance (Municipal Code of Chicago, ch. 156.1 *et seq.*) which became effective January 1, 1972. The plaintiffs in three separate suits, on behalf of themselves individually and as representatives of a class, challenged the validity of the ordinance in the circuit court of Cook County. The cases were consolidated and the defendants filed a motion to dismiss the complaints. The court found that the provision of the ordinance exempting certain residential parking from the tax imposed was invalid as an unreasonable classification. However, the court found that the invalidity of the exemption did not render the entire ordinance invalid and dismissed the complaints. The plaintiffs appealed to the appellate court and the defendants cross-appealed from that portion of the decree declaring the residential parking exemption invalid. On motion, the appeal was ordered transferred to this court pursuant to Rule 302(b). 50 Ill.2d R. 302(b).

The parking tax ordinance was adopted by the City of Chicago under the home-rule powers conferred by section 6 of article VII of the constitution of 1970. The ordinance provides: "There is hereby levied and imposed upon the use and privilege of parking a motor vehicle in or upon any parking lot or garage *** a tax ***."

The exemption complained of is found in two separate sections of the ordinance. Section 1, which contains the definitions of "parking lot" or "garage", provides: "however, that said terms shall not include residential parking provided for single-family homes or multiple-family dwelling units wherein an arrangement for such parking is provided on a rental basis to meet the terms of the Chicago Zoning Ordinance for off-street parking, the consideration thereof being set forth in the house or apartment lease or in a separate writing between the landlord and the tenant ***."

The other reference to the exemption is contained in section 2(c) which provides: "The tax imposed by this chapter shall not apply to residential off-street parking of house or apartment tenants required by the Chicago Zoning Ordinance, wherein an arrangement for such tenant parking is provided in the house or apartment lease or in a separate writing between the landlord and tenant ***."

Plaintiffs contend that the tax is actually an attempt by the City to license for revenue. They point out that section 6(e) of article VII of the constitution of 1970 provides: "A home rule unit shall have only the power that the General Assembly may provide by law *** (2) to license for revenue ***." Since the General Assembly has not provided by law authority for home-rule units to license for revenue they contend that the tax is invalid. The basis of this contention is that the ordinance requires the operator of parking facilities to collect the tax and remit to the city collector. If, following a hearing, it is determined that a person has wilfully failed to pay over any tax, the ordinance authorizes the mayor to suspend or revoke any city license held by the operator.

Contrary to plaintiffs' contention, the tax is not a license for revenue. It is not a tax upon the operator of the parking facility. Section 2(b) provides that the ultimate incidence of and liability for the tax is to be borne by the person who seeks the privilege of occupying the space within the parking facility. The duty of collecting and remitting the tax imposed by section 2(d) only makes the operator the agent of the city for the purpose of collecting the tax. (*Heyman v. Mahin, 49 Ill.2d 284, 289, cert. denied,* —— *U.S.* ——, *31 L. Ed. 2d 809, 92 S. Ct. 1499.*) The penalties provided in the ordinance for defalcations do not convert the collection system into a license for revenue. Such penalties "are but provisions to insure the integrity of the collection procedures." (*S. Bloom, Inc. v. Korshak, 52 Ill.2d 56, 63.*) The tax is one

imposed pursuant to the home-rule power "to tax" conferred by section 6(a) of article VII of the constitution of 1970 and is not an attempt to exercise the restricted power to license for revenue referred to in section 6(e) of article VII of the constitution of 1970.

The plaintiffs contend that for several reasons the exemption of residential parking violates the equal-protection clause of the State and Federal constitutions. One argument is that the exemption does not apply to parking by office, commercial and industrial tenants and is therefore violative of the equal-protection clause. The powers of a legislative body to make classifications, particularly in the field of taxation, are very broad and the classifications must be upheld if any state of facts reasonably can be conceived that would sustain them. (*Thorpe v. Mahin, 43 Ill.2d 36, 45; Midwest Freight Forwarding Co., Inc. v. Lewis, 49 Ill.2d 441, 445.*) Furthermore, there is a presumption in favor of the validity of the classification made by the legislative body and one who assails it has the burden of proving the classification to be arbitrary. Zoning ordinances have long distinguished between residential, business, commercial and industrial uses and such common classifications are not invalid. A reasonable basis exists for the distinction between these classes. Aside from charging that business, commercial and individual tenants must pay the tax while residential tenants do not, the plaintiffs have not indicated in what manner this classification is arbitrary. We find the classification to be reasonable.

The plaintiffs posit several hypothetical situations which they contend demonstrate the discriminatory nature of the tax. They contend that there are many houses and apartment buildings which were erected before the present Chicago Zoning Ordinance was enacted which are not required to provide off-street parking facilities for the tenants but do provide such facilities for a fee. Plaintiffs

argue that these tenants would be required to pay the tax because the exemption is limited to off-street parking facilities required by the Chicago Zoning Ordinance. Thus, they contend, one group of residential tenants would be exempt from the tax while another would be required to pay it. Plaintiffs further argue that the exclusion applies only to tenants and does not apply to owners of homes or condominium units who, they claim, are required under the ordinance to pay the tax.

The City of Chicago disputes these contentions, claiming first that section 5.8—2 of the Zoning Ordinance (Municipal Code of Chicago, ch. 194(a), par. 5.8—2), relating to parking facilities existing at the time of the enactment of the Zoning Ordinance, brings within the exemption tenants of older buildings. The City claims that these tenants would be able to claim the exemption from the parking-tax ordinance. The City also points out that generally owners of buildings or condominium units would not be required to pay the tax because they would not be parking in commercially operated parking facilities but in facilities which they themselves own. In the event that these owners do park in parking facilities for a fee the City contends that the language of the exemption is broad enough that it is capable of being construed to include these owners.

It is not urged that the plaintiffs are members of any of these hypothetical classes. It may well be that in the application of the ordinance to individual situations arbitrary discriminations will occur which will warrant judicial intervention. However, it is unwise to attempt to resolve such inequities when they are presented on a purely hypothetical basis. As this court stated in *Stein v. Howlett, 52 Ill.2d 570, 580,* "We cannot, and need not in this proceeding, pass upon all hypothetical situations and tenuous circumstances which may be presented by counsel. While we recognize that a valid statute may be

unconstitutionally applied, the precise limitations to be placed on the words in question can best be specified when actual cases requiring such interpretation are presented."

Plaintiffs also argue that in certain metered parking lots maintained by the City, the parking tax is not collected. We do not view this alleged failure of an operator to collect the tax as affecting the validity of the ordinance. There is nothing in the ordinance that distinguishes between parking fees paid to an attendant from those paid through a meter, nor are parking lots operated by the City excluded from the operation of the ordinance. Section 1—1 of the ordinance defines "operator" as any person conducting the operation of a parking lot or garage. In defining "person" this same section includes within the definition any "government corporation, municipal corporation, district or other political subdivision." It would appear that the alleged discrimination is not found in the ordinance but in its application, which fact does not render the ordinance invalid.

Plaintiffs contend that since the tax is levied at a flat 15 cents per 24-hour period or a fraction thereof, it is not uniform and violates the provisions of section 2 of article IX of the Illinois constitution of 1970. In support of their contention the plaintiffs advanced the following arguments: (1) The amount of tax paid is not based on the amount of parking time utilized; (2) The amount of tax paid by the parker who arranges to pay for his parking at a weekly or monthly rate is less than the amount of tax paid by the parker who parks for the same period of time but who pays for his parking at a daily rate; (3) The parker who leaves and re-enters a garage without "in/out" parking privileges will pay the tax twice; (4) The tax is the same whether the parker parks in a lot which charges a small fee for parking or in a lot which charges a larger fee.

In considering these arguments, we must not lose sight of what is being taxed. The tax is imposed "upon the use

and privilege of parking a motor vehicle in or upon any parking lot or garage." The incidence of and liability for the tax is to be borne by the person who exercises the privilege. Section 2 of article IX of the Illinois constitution of 1970 provides that with regard to classification for nonproperty taxes "the subjects and objects within each class shall be taxed uniformly." The subject of the class taxed is the privilege of parking exercised by the parker. The fact that the tax is levied at a fixed amount each time the privilege is exercised instead of at the percentage of the charge for exercising the privilege does not destroy the uniformity of the tax. (*Banta v. City of Chicago, 172 Ill. 204, 221; Mutual Tobacco Co. v. Halpin, 414 Ill. 226, 232.*) If a tax is otherwise reasonable in relation to the privilege granted, the fact that it bears more heavily on one than another is irrelevant. (*Grenier & Co., Inc. v. Stevenson, 42 Ill.2d 289, 293.*) Under the holdings of these authorities, the flat-rate tax imposed uniformly upon the use and privilege of parking does not violate section 2 of article IX of the constitution of 1970.

We also find no merit in plaintiffs' contention that the provision of the ordinance providing for the payment of fixed amounts of taxes for those who pay for their parking on a weekly or monthly basis violates the uniformity provision of the constitution. The tax on those who pay for their parking on a weekly basis is 75 cents per week, and the tax on those who pay for their parking on a monthly basis is $3 per month. Here, again, we have a question of legislative classification. There are a large number of users of parking facilities who pay for their parking at a fixed amount per week or per month regardless of the number of times that they use the parking facilities. The tax that is imposed by the ordinance is imposed uniformly at the rate of 15 cents per 24-hour period for those who pay for their parking on that basis. It is paid uniformly at the rate of 75 cents per week for those who pay for their parking on that basis, and at the rate of

$3 per month for those who pay for their parking on that basis. The plaintiffs have not demonstrated that this classification is arbitrary or unreasonable and the presumption of its validity must prevail.

In conclusion, we hold that the trial court erred in holding the exemption of certain residential parking as contained in section 1–1 and section 1–2(c) of the parking tax ordinance invalid and that portion of the decree is reversed. The remainder of the decree is affirmed.

*Affirmed in part and reversed in part.*