(No. 47456.—

ANDREW HEAD, Appellant, v. MARSHALL KORSHAK *et al.,* Appellees.

*Opinion filed January 20, 1976.*

Ash, Anos, Harris & Freedman, of Chicago (Lawrence M. Freedman, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Jerome A. Siegan, Roseann Oliver, Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In *Rozner v. Korshak* (1973), 55 Ill.2d 430, the validity of the wheel tax ordinance of the city of Chicago was sustained against a constitutional attack upon grounds which included the charge that the division of passenger automobiles into three categories for taxing purposes was "unreasonable, arbitrary, and discriminatory, and violates the equal-protection clause of the fourteenth amendment to the United States Constitution and section 2 of article I and section 2 of article IX of the Constitution of Illinois." 55 Ill.2d at 436.

In November of 1974 the taxing ordinance was amended by reducing the license fee for persons 65 years of age or older who own "class X" passenger automobiles (less than 35 horsepower) and "class U" passenger automobiles (more than 35 but less than 55 horsepower) by 50%. No reduction was made in the fee for persons 65 years of age or older who own "class W" passenger automobiles (55 horsepower or more).

In the case now before us, the plaintiff alleged that he is over 65 years of age and the owner of a "class W" automobile. He brought this action on behalf of himself and all persons similarly situated to enjoin the collection of the tax from them on the ground that the ordinance as amended is arbitrary and unreasonable and therefore unconstitutional. The circuit court denied the plaintiff's motion for a temporary injunction, and granted the defendant's motion to dismiss under section 48 of the Civil Practice Act. The plaintiff appealed, and we brought the appeal directly to this court under Rule 302(b). Ill. Rev. Stat. 1973, ch. 110A, par. 302(b).

The plaintiff concedes the constitutionality of the wheel tax ordinance as it existed before the amendment which granted reductions to persons over 65. He also concedes the authority of the city to grant reductions to persons over 65. (See *Doran v. Cullerton* (1972), 51 Ill.2d 553.) But he contends that as "a senior citizen he is entitled to be treated equally with all other senior citizens" and that as the owner of a "class W" vehicle he is improperly obligated to pay a proportionately higher license fee for his automobile than he would be required to pay if he were the owner of a smaller car. He says:

> "*** The instant ordinance as amended, however, combines these two classes and creates a sub-class of automobile owners who are treated differently from others who are similarly situated, to-wit: senior citizens who own automobiles in the Class W category. We submit that the creation of this sub-class is without rational basis. The senior citizen discount should be available to all senior citizens, independent of the rate schedule which is based upon relative horsepower and which has already been proportionately established prior to the application of the discount. The creation of this sub-class is arbitrary and constitutionally inequitable."

Contrary to the plaintiff's contention, the 1974 amendment to the ordinance did not add another classification or subclassification; rather, it established an exemption, or a right to a deduction or credit. The distinction is that which is drawn in section 2 of article IX of the Constitution of 1970. That section is a new provision not heretofore found in the law of Illinois. It originated in the Style and Drafting Committee of the 1970 Constitutional Convention, and it was proposed as a substitute for a provision which would have authorized the General Assembly to classify nonproperty taxes and fees, but would also have required that the classes be reasonable and that the subjects and objects within each class be taxed uniformly. Section 2 provides:

"In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions, deductions, credits, refunds and other allowances shall be reasonable."

The explanation of this new provision to the voters read as follows:

"This section is new. Under Section 1, the General Assembly has the power to place taxpayers or objects of taxation into groups for taxing purposes. It also has the power to make allowances and exemptions such as removing the sales taxes from food and medicine. It may provide credits against one form of tax for taxes paid in other forms." 7 Proceedings, Sixth Illinois Constitutional Convention 2735.

The constitutional determination to require that "exemptions, deductions, credits, refunds and other allowances" meet only a standard of reasonableness, and not a standard of uniformity and reasonableness seems clear. And in our opinion the classification of vehicles with respect to their ownership by persons 65 years or older is, in the language of section 2, an exemption, deduction, credit, or other allowance.

The considerations advanced by the defendant to

support the reasonableness of the exemption are, first, that persons of the age of 65 years and older who are able to afford to operate vehicles with large horsepower engines are less in need of tax relief than others, and second, that motor vehicles of 55 or more horsepower create greater environmental problems than do lower horsepower vehicles. These can not be said to be unreasonable considerations, and in our opinion they justify the exemption granted by the ordinance. (See, *e.g., People ex rel. Vermilion County Conservation District v. Lenover* (1969), 43 Ill.2d 209; *McRoberts v. Adams* (1975), 60 Ill.2d 458.) We hold, therefore, that it does not violate section 2 of article IX of the Constitution of Illinois. This conclusion is not altered by the circumstance that the ordinance has been amended subsequent to the submission of this case and now provides reduced fees for owners of "class W" vehicles who are 65 years of age or more.

The plaintiff's contentions under the equal protection clauses of the State and Federal constitutions are disposed of by what was said in *Titus v. Texas Co.* (1973), 55 Ill.2d 437, 442:

"Under the decisions of the Supreme Court of the United States and this court, differential treatment for purposes of taxation can withstand constitutional attack so long as the classifications are reasonable. (*Lehnhausen v. Lake Shore Auto Parts Co.* (1973), 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001; *Thorpe v. Mahin* (1969), 43 Ill.2d 36, 45-46; see also Ill. Const. (1970) art. IX, sec. 2.)"

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*