MARCUS CORPORATION, d/b/a Budgetel Hotels, Plaintiffs-Appellees, *v.* THE VILLAGE OF SOUTH HOLLAND, Defendant-Appellant.

First District (3rd Division)   No. 82—1274

Opinion filed December 14, 1983.

Ronald Buikema, Jeffrey Malak, and Mary Mathewson, all of Jacobs, Buikema, Malak, Heaney & Hiskes, Ltd., of South Holland, for appellant.

Leonard R. Anderson, of Gilley and Walberg, Ltd., of South Holland, for appellees.

JUSTICE WHITE delivered the opinion of the court:

Defendant, the village of South Holland, appeals from an order of the circuit court of Cook County declaring an ordinance of the village that established a tax upon the use and privilege of renting a motel or hotel room in the village unconstitutional and enjoining further collection of the tax. Plaintiffs are motel owners doing business in South Holland.

On December 21, 1981, the village of South Holland, acting pursuant to its home rule powers, enacted ordinance No. 81—12—21, which added chapter 21—B to the Code of the Village of South Holland, Illinois. Section 21—B—3(a) of the added code provisions levies and imposes "upon the use and privilege of renting a motel or hotel room within the Village of South Holland" a tax at the rate of either four percent of the room charge or at the rate of one dollar for each room rented in a 24-hour period, whichever is greater. Section 21—B—3(b) of the code further provides that "[t]he ultimate incidence of and liability for payment of said tax is to be borne by the person who seeks the privilege of occupying the motel or hotel room."

Plaintiffs maintain that section 8—3—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 8—3—14) and section 1 of the

Hotel Operators' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 481b.31 *et seq.*) supercede and limit the power of South Holland to levy a tax on the use and privilege of renting hotel and motel rooms. The village contends that in enacting this ordinance, it was properly exercising its home rule power under article VII, section 6(a) of the Constitution of Illinois, which *inter alia* provides: "Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power *** to tax ***." Home rule powers provisions are to be construed liberally. (Ill. Const. 1970, art. VII, sec. 6(m).) The parties agree that home rule powers include the power to tax the use of motel rooms. They further agree that the General Assembly may limit the power of home rule units to tax. Article VII, section 6(g) provides: "The General Assembly by a law approved by the vote of three-fifths of the members elected to each house may deny or limit the power to tax and any other power or function of a home rule unit not exercised or performed by the State ***." It is the contention of the village that this is the only provision of the constitution pursuant to which the General Assembly can limit the home rule taxing power, and that the three-fifths vote requirements were not met in passage of the statutes upon which plaintiffs rely as limitations on the taxing power of the village. Plaintiffs argue that the Illinois Constitution contains three provisions authorizing the General Assembly to limit the taxing power of home rule units; they are sections 6(g), 6(h) and 6(i) of article VII. Acts of the General Assembly passed under sections 6(h) and 6(i) do not require the three-fifths vote. We need not rule on the constitutional question posed of whether the home rule taxing power of the village was limited here by an act of the legislature passed by the requisite votes, because before reaching that constitutional question, we find that the statutes relied upon by plaintiffs show on their face that they do not limit the power of South Holland to tax hotel and motel room use.

■ Legislation enacted by the General Assembly may constitute a limitation on the power of a home rule unit where the legislation specifically limits a concurrent exercise of a power or function by local governments or declares that the State's exercise of power is exclusive. (See *City of Evanston v. Create, Inc.* (1981), 85 Ill. 2d 101, 421 N.E.2d 196; *Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 324 N.E.2d 453.) In the instant case, we find that neither statute cited by plaintiffs limits the power of South Holland to levy the proposed hotel and motel tax. The Hotel Operators' Occupation Tax Act states in pertinent part:

"*** the tax herein imposed shall be in addition to all other occupation or privilege taxes imposed by the State of Illinois or by any municipal corporation or political subdivision thereof." (Ill. Rev. Stat. 1981, ch. 120, par. 481b.31.)

Nowhere in the above statute is there a specific restriction on the power of home rule units to levy taxes on the privilege of renting a room in either a hotel or motel. Rather, the Hotel Operators' Occupation Tax Act provides that it shall be "in addition to" other occupation or privilege taxes which municipal corporations would continue to levy. The South Holland Motel and Hotel Room Tax is one such example.

We further hold that the occupation tax authorized by section 8—3—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 8—3—14) does not preempt the South Holland tax in question. Section 8—3—14 states in pertinent part:

"The corporate authorities of any municipality *** may impose a tax upon all persons engaged in such municipality in the business of renting, leasing or letting rooms in a hotel, as defined in 'The Hotel Operators' Occupation Tax Act,' at a rate not to exceed 5% of the gross rental receipts from such renting, leasing or letting, ***."

There is no language in section 8—3—14 which specifically restricts a home rule unit's power to levy taxes on either a hotel operator or its customers to the tax authorized by this statute. Rather than a limitation of home rule authority, section 8—3—14 is a grant of authority. Under article VII, section 6(e) of the Illinois Constitution, home rule units are denied the right to adopt an occupation tax unless specifically authorized to do so by the General Assembly. Section 8—3—14 grants to certain municipalities the authority to adopt an occupation tax and in no way restricts a home rule unit from levying a tax on the privilege of renting a hotel or motel room.

■ Plaintiffs also contend that the South Holland Hotel and Motel Room Tax violates the five percent limit imposed by section 8—3—14. However, because the South Holland tax is a privilege tax as opposed to an occupation tax, it is not subject to the restrictions of section 8—3—14. While it is true that under the South Holland tax the hotel and motel operators are required to collect and remit the tax to the municipality, we note that this does not convert the tax into an occupation tax. See *Kerasotes Rialto Theater Corp. v. City of Peoria* (1979), 77 Ill. 2d 491, 397 N.E.2d 790; *S. Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 284 N.E.2d 257; see generally *Commercial National Bank v. City of Chicago* (1982), 89 Ill. 2d 45, 432 N.E.2d 227.

We next address the issue of whether the South Holland tax violates the uniformity provision of the Illinois Constitution. First, however, we must determine whether plaintiffs have standing to raise this issue. The village, contending that plaintiffs do not have standing, maintains that the tax is not levied against the hotel and motel owners. Therefore, it is argued the provision of the ordinance that plaintiffs allege violates the uniformity requirements of the Constitution does not affect plaintiffs.

■ Initially, we note that the village did not raise the issue of standing in the trial court and, therefore, that issue is waived. Assuming *arguendo* that the issue is not waived, we find that plaintiffs are affected by the cause under consideration and, therefore, have standing to raise the issue of uniformity. See *Jacobs v. City of Chicago* (1973), 53 Ill. 2d 421, 292 N.E.2d 401; *S. Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 284 N.E.2d 257.

Article IX, section 2 of the Illinois Constitution provides:

"In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions, deductions, credits, refunds and other allowances shall be reasonable."

■ Our supreme court has held that this constitutional provision for uniformity does not call for mathematical equality, and that a practical uniformity, rather than an absolute one, is the test. (*Fiorito v. Jones* (1971), 48 Ill. 2d 566, 272 N.E.2d 41.) Moreover, "[i]nequalities that result occasionally and incidentally in the application of a system that is not arbitrary in its classification, and not applied in a hostile and discriminatory manner, are not sufficient to defeat [a] tax." (*Schreiber v. County of Cook* (1944), 388 Ill. 297, 58 N.E.2d 40.) Finally, the fact that there is a minimum tax does not destroy uniformity. *Grenier & Co. v. Stevenson* (1969), 42 Ill. 2d 289, 247 N.E.2d 606.

Here, plaintiffs contend that the South Holland tax violates the uniformity provision because the one dollar minimum would result in differing tax rates, dependent upon the cost of the room. However, this is the same argument presented and rejected in *Grenier*. Accordingly, we hold that the South Holland tax does not violate the uniformity provision of the Illinois Constitution.

For the aforementioned reasons we hold that the home rule powers of the village of South Holland have not been preempted by the State in taxing the use of motel and hotel rooms, and that ordinance 81—12—21 does not violate article IX, section 2 of the Illinois

Constitution. Accordingly, the order of the circuit court of Cook County is reversed.

Reversed.

McGILLICUDDY and O'CONNOR, JJ., concur.